IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HERMAN LEE MORRISON, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0442 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner HERMAN LEE MORRISON, JR. has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction for the felony offense of aggravated assault out of the 47th Judicial District Court of Randall County, Texas.  For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion the petition should be DENIED.

I.
PARTIES

Petitioner Herman Lee Morrison, Jr., TDCJ-CID #869315, is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in the Clements Unit, Amarillo, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

II.

FACTUAL HISTORY

Petitioner and Enedina Morrison divorced in 1998 after eleven years of marriage.  (2 Rep. R. at 163-64).  Petitioner's ex-wife testified her husband had slapped, pushed and punched her on many occasions during their marriage, and during the last two years of their marriage, she began hitting him as well.  (2 Rep. R. at 167-69).  She testified her husband started drinking more and hitting her after she filed for divorce, and he continued to visit her even after their divorce was final in June 1998.

Petitioner visited with his ex-wife at her home on July 24, 1998.  He drank a beer and talked with her and, at some point in the evening, the two began arguing.  (2 Rep. R. at 173-78).  The argument escalated and when petitioner threatened to hit his ex-wife, she pushed him.  He responded by hitting her on the side of her face with his fist, throwing her down on her bed, and hitting her several additional times.  (2 Rep. R. at 182-83).  Petitioner left the room and returned with a bottle of beer and a kitchen knife.  (2 Rep. R. at 183).  Petitioner was throwing the knife in the air and catching it and told his ex-wife he was going to kill her.  (2 Rep. R. at 189-90).  His ex-wife went into the bathroom and sat down.  Petitioner told her to stop crying and hit her in the face with his fist and kicked her on the side of her face.  (2 Rep. R. 196-97).  Petitioner picked up the knife and made a stabbing motion towards his ex-wife, who grabbed the knife, cutting her hand.  (2 Rep. R. 197-98).  Petitioner allowed his ex-wife to bandage her wound, but continued to argue with her, threaten, and hit her during the course of the evening.  (2 Rep. R. 203-09).  At trial, petitioner's ex-wife indicated she had difficulty remembering additional details of the assault.  Over defense counsel's objection, the trial court allowed the prosecutor to read portions of the written statement petitioner's ex-wife had given the police.  In that statement, she had reported petitioner had

continued to hit her and later made her put her clothes in the washing machine.  (2 Rep. R. 207-09).

She complied with petitioner's request for sex because she was afraid, and after he fell asleep, was

able to escape and  seek help from a neighbor who called 911.  (2 Rep. R. 210-11).  Petitioner was

taken into custody by sheriff's deputies responding to the emergency call.  (3 Rep. R. 162).

III.
PROCEDURAL HISTORY

Petitioner was indicted in Cause Number 12,259-A for the offense of aggravated assault, as

a result of the attack on his ex-wife, enhanced by two (2) prior felony convictions.  (Clerk's R. at

1).  Petitioner was also indicted for aggravated sexual assault in Cause No. 12,177-A related to his

conduct on the evening of July 24, 1998.  (Supp. Clerk's R. at 1-2).  The cases were consolidated

and trial commenced March 9, 1999 in the 47th Judicial District Court of Randall County, Texas.

On March 11, 1999, a jury found petitioner guilty of the offense of aggravated assault as charged

in Cause Number 12,259-A and assessed a sentence of fifty (50) years' confinement in the Texas

Department of Criminal Justice, Correctional Institutions Division.  Petitioner was acquitted of

aggravated sexual assault.  (4 Rep. R. at 109).  The Court of Appeals for the Seventh District of

Texas affirmed petitioner's conviction and sentence on direct appeal.  *Morrison v. State*, No. 07-99-

0190-CR (Tex.App.– Amarillo Dec. 13, 1999, pet. ref'd).  The Texas Court of Criminal Appeals

refused the petition for discretionary review.  *Morrison v. State*, No. 0640-00 (Tex.Crim.App. May

24, 2000).

Petitioner filed an application for a state writ of habeas corpus on May 24, 2001.  An

evidentiary hearing was held and, on August 12, 2003, the trial court issued findings of fact and

conclusions of law with a recommendation that relief be denied.  *Ex parte Morrison*, Application

No. 51,909-02 at 85-91.  The Texas Court of Criminal Appeals subsequently dismissed petitioner's application for non-compliance with the appellate rules.  *Id.* at cover.

On October 2, 2003, petitioner filed a second application for state habeas relief and presented the same grounds raised in his previous application.  *Ex parte Morrison*, Application No. 51,909-05 at 1.  On November 10, 2003, the trial court issued findings of fact and conclusions of law that adopted the findings and conclusions from August 12, 2003 and again recommended relief be denied.  *Ex parte Morrison*, Application No. 51,909-04 at 1-6.  The Texas Court of Criminal Appeals denied petitioner's second application on December 17, 2003 without written order on the findings of the trial court after a hearing.  *Ex parte Morrison*, Application No. 51,909-05 at cover.

Petitioner filed the instant federal petition for writ of habeas corpus on December 22, 2003.[1]

IV.
ISSUES

Petitioner alleges the following as grounds for relief:

1.    Petitioner is actually innocent of the offense of aggravated assault.

2.    The trial court erred in admitting hearsay.

3.    Petitioner is the victim of police and prosecutorial misconduct.

4.    The trial court improperly consolidated two indictments into a single trial.

5.    The trial court erred in amending the aggravated sexual assault indictment.

6.    Trial counsel was constitutionally ineffective.

7.    Appellate counsel was constitutionally ineffective.

8.    There is new evidence warranting a new trial.

---

[1]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

9.      He should have been allowed to testify at trial.

10.     The State failed to disclose exculpatory information.

11.     The jury foreman should have been excused from service because he worked as a domestic abuse counselor.


V.
RULE 5 STATEMENT

Respondent does not contend petitioner has failed to sufficiently exhaust his state remedies with regard to any of the claims raised and has not moved for dismissal based on a failure to exhaust.


VI.
STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as it did in petitioner's case, that ruling is considered an adjudication on the merits and entitled to the presumption of correctness. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim App. 1997).

## VII.
## MERITS

### A. Actual Innocence

Petitioner contends he is actually innocent of the offense of aggravated assault. The indictment charged petitioner did "intentionally and knowingly cause bodily injury to Enedina Morrison, by cutting her with a knife." (Clerk's R. at 1). Petitioner admits he had a kitchen knife in his possession, but asserts he intended to use the blade to cut the telephone cord in the kitchen and that his ex-wife injured her hand when she tried to take the knife away from him. Petitioner provides a post-trial affidavit from his ex-wife attesting to this new version of events. (Mem. in Supp. of Pet., Ex. A).

A claim of actual innocence, standing alone, is not cognizable on federal habeas review. *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000); *Graham v. Johnson,* 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson,* 132 F.3d 1069, 1075 (5th Cir. 1998); *Jacobs v. Scott,* 31 F.3d 1319, 1324-25 (5th Cir. 1994). *See generally Herrera v. Collins,* 506 U.S. 390, 416, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). There must be evidence of an independent constitutional violation in the state criminal proceedings.[2] *Dowthitt,* 230 F.3d at 741.

Moreover, affidavits that recant witnesses' trial testimony are viewed with suspicion by the courts. *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996); *May v. Collins,* 955 F.2d 299, 314 (5th Cir. 1992). Additionally, the state district judge who reviewed the affidavit on state habeas corpus review was the same judge who presided over the original trial, and his assessment of the credibility of a witness's trial testimony versus a later recantation is given considerable deference. *See May*, 955 F.2d at 314. During the state habeas evidentiary hearing, the state district judge also cautioned petitioner's ex-wife about the penalties of perjury and appointed counsel to represent her during the hearing. On the advice of her attorney, petitioner's ex-wife invoked the Fifth Amendment when she was called as a witness. (1 State Habeas Rep. R. at 55-58, 66-68).

Petitioner also fails to explain why he did not bring out this same information at trial. Petitioner would have had personal knowledge of how the cut was inflicted. Instead, the defense theory at trial was that both petitioner and his ex-wife were combative and that his ex-wife actually initiated the knife attack and cut herself as petitioner struggled to disarm her. Further, petitioner wrote to his ex-wife from jail as he was awaiting trial to ask her to support this version of events.

---

[2]Petitioner has asserted his ex-wife's affidavit constitutes new evidence warranting a new trial, that the police and prosecutor engaged in misconduct by manufacturing his ex-wife's earlier written statement to the police, and that the statement was improperly admitted at trial. As explained *infra*, these claims are also without merit.

(3 Rep. R. at 67, 80-83, State Ex. 86). Petitioner has absolutely failed to present compelling evidence of his innocence. His claim of actual innocence as an independent ground for relief should be denied.

## B. Hearsay

Petitioner asserts the trial court improperly allowed the prosecutor to read into evidence the written statement his ex-wife gave the police soon after the assault. (2 Rep. R. at 206-11). Petitioner alleges the statement was inadmissible hearsay.

As a threshold matter, respondent asserts petitioner's claim is procedurally barred. Petitioner raised the hearsay issue on direct appeal, but the Court of Appeals ruled the issue was not preserved because trial counsel had not objected to the statement as hearsay.[3] *Morrison*, No. 07-99-0190-CR, slip op. at 2. The Court of Criminal Appeals refused petition for discretionary review.

The federal courts generally will not review a question of federal law decided by the state court if the decision of the state court rests upon grounds that are independent of the merits of the federal claim and adequate to support that judgment. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). But it is not clear that petitioner's claim is procedurally barred. The Texas appellate court stated it rejected the hearsay claim for two reasons: waiver and a lack of merit. *Morrison*, No. 07-99-0190-CR, slip op. at 2. There is no indication the appellate court was addressing the merits only in the alternative. Additionally, when petitioner reurged his hearsay argument in his state habeas application, it was rejected on the merits without mention of any procedural bar. *Ex parte Morrison*, No. 51,909-04

---

[3]Trial counsel objected to the statement on the ground that the prosecutor was being allowed to use the statement to impeach the state's own witness. (2 Rep. R. at 206).

at 88.  The procedural-default doctrine precludes federal habeas review when the *last* reasoned state-court opinion addressing a claim explicitly rejects it on a state procedural ground.  *Ylst v. Nunnemaker,* 501 U.S. 797, 801, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004).

Even though this claim is not procedurally barred, petitioner cannot prevail on the merits.  The state appellate court found that, during trial, petitioner's ex-wife had difficulty remembering everything that happened the night of the assault.  The appellate court ruled the written statement was properly admitted as a recorded recollection, an exception to the hearsay rule.  *Morrison*, No. 07-99-0190-CR, slip op. at 2-3.  *See generally* Tex. R. Evid. 803(5).  The state trial court, in reviewing petitioner's applications for state habeas relief, also found the written statement was admissible as a recorded recollection.  *Ex parte Morrison*, No. 51,909-04 at 88.  Petitioner has not demonstrated by clear and convincing evidence that the state courts' fact findings are not entitled to a presumption of correctness.  The Federal Rules of Evidence  recognize recorded recollections as an exception to the hearsay rule under similar circumstances, regardless of the availability of the declarant.  *See* Fed. R. Evid. 803(5).

State court evidentiary rulings present a cognizable habeas claim only if they run afoul of a specific constitutional right or render the trial fundamentally unfair.  *Pemberton v. Collins*, 991 F.2d 1218, 1226 (5th Cir.), *cert. denied*, 510 U.S. 1025 (1993).  Petitioner has not demonstrated such circumstances, and his complaints of hearsay are without merit.  This ground for relief should be denied.[4]

---

[4]Petitioner's ex-wife was able to provide testimony about petitioner's use of the knife and how she sustained the cut to her hand.  The written statement was read only after his ex-wife was unable to clearly recall later events and her escape.  (2 Rep. 190-99, 207-11)

### C. Police and Prosecutorial Misconduct

Petitioner contends the police fabricated evidence and coerced his ex-wife into signing the written statement which the prosecutor read into evidence at trial. The Due Process Clause of the Fourteenth Amendment forbids the State from knowingly using perjured testimony. *Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). In order to prove the State violated the Fourteenth Amendment by relying on such testimony, a defendant must demonstrate: (1) that a witness for the State testified falsely; (2) that such testimony was material; and (3) that the prosecution knew the testimony was false. *Id.* at 153-54, 92 S.Ct. 763.

Enedina Morrison's written statement was material because of its incriminating nature. There is insufficient evidence to establish that her testimony at trial, or that the written statement read into the record, was perjured or was a fabrication to law enforcement authorities. The state trial court held an evidentiary hearing on petitioner's first application for state habeas relief and found no evidence of misconduct by the police or prosecutors as petitioner had alleged. The state habeas court found the trial testimony, physical evidence, and the victim's witness statement established petitioner committed an aggravated assault, and further found there was no evidence to contradict the written statement read at trial. *Ex parte Morrison*, No. 51,909-04 at 88-89. These findings are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence to the contrary.

Petitioner provides no evidence, much less clear and convincing evidence, to support his conclusory assertions that the police manufactured the written statement and coerced the victim/witness into signing the statement or that the prosecutor was aware any false testimony was presented during petitioner's trial. The first suggestion that petitioner's ex-wife's testimony and her

statement to the police might have been inaccurate was the affidavit she provided to assist petitioner

with his state habeas application.  As discussed above, a recanting witness is properly viewed with

suspicion and a recanting affidavit is of questionable, if any, value.  As petitioner has not provided

clear and convincing evidence to rebut the presumption of correctness, the federal court must defer

to the state court's fact findings.  Petitioner's contentions of prosecutorial or police misconduct are

without merit and should be denied.

### D.  Consolidated Trial

Petitioner contends he was prejudiced by the trial court's decision to consolidate the charges

of aggravated assault and aggravated sexual assault into one proceeding, and argues he was denied

due process because certain facts were brought out in his trial for aggravated assault that would

otherwise have been inadmissible.

Federal habeas corpus relief is available to vindicate rights existing under federal law, not

errors in state criminal procedure.  *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

The proper inquiry is whether there was an infraction of the defendant's due process rights that

rendered the trial as a whole fundamentally unfair.  *Id*. at 711-12.

The undersigned initially notes petitioner's counsel agreed to the consolidated trial as a

strategic matter.  (1 State Habeas Rep .R. at 76).  Further, petitioner has failed to specify what facts

would not have been admissible at one trial had he been tried separately on the charges.  Both the

aggravated assault charge and the aggravated sexual assault charge stemmed from the same series

of events on the same night involving the same people.  *See Rogers v. State,* 853 S.W.2d 29, 33

(Tex.Crim.App. 1993) (holding same transaction contextual evidence admissible as exception to

Texas Rule of Evidence 404(b)).  When all of the evidence at one trial could have been admitted at

a separate trial, there can be no prejudice in having a consolidated trial.  *Burnet v. Collins*, 982 F.2d 922, 929-30 (5th Cir. 1993);  *Manning,* 786 F.2d at 712.  Petitioner states no violation of federal law or of his due process rights under the federal constitution.  His complaint of a consolidated trial does not warrant federal habeas relief.

## E.  Improper Amendment of Indictment During Trial

Petitioner complains the trial court erred in amending the indictment in Cause No. 12,177-A, which charged petitioner with aggravated sexual assault, by striking part of the wording of the indictment as surplusage.  (4 Rep. R. at 7-9).  Petitioner, however, was not convicted of aggravated sexual assault.  Consequently, he cannot show any prejudice as a result of an amendment to the indictment charging him with an offense (aggravated sexual assault) for which he was acquitted.

## F.  Ineffective Assistance of Trial Counsel

Petitioner contends his trial counsel was deficient in numerous respects, including the failure to investigate and interview witnesses, file pre-trial motions, obtain the services of a medical expert, and object to the consolidation of two indictments into one trial.  Petitioner also complains of trial counsel's failure to properly object to the use of his ex-wife's written statement during trial, as well as the failure to object to the introduction of petitioner's two (2)  prior driving-while-intoxicated convictions during the punishment stage of trial.

The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984).  The first prong of *Strickland* requires the defendant to show counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel

guaranteed by the Sixth Amendment.  *Id*. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d 674.  The second

prong requires the defendant to show prejudice by demonstrating there is a reasonable probability

that, but for counsel's deficient performance, the result of the proceeding would have been different.

*Id*. at 694, 104 S.Ct. at 2068, 80 L.Ed. 2d 674.  A reasonable probability is a probability sufficient

to undermine confidence in the outcome.  *Id*. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d 674.

The state court rejected petitioner's complaints about trial counsel and expressly found

counsel was familiar with the case, presented appropriate motions, conducted an independent and

thorough investigation, interviewed material witnesses, presented evidence and conducted effective

cross-examination, made relevant objections, and gave appropriate jury arguments at each phase of

trial.  *Ex parte Morrison*, No. 51,909-04 at 87-88.  A claim of ineffective assistance is a mixed

question of law and fact.  *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070, 80 L.Ed.2d 674.  Therefore,

the federal court cannot grant habeas relief unless the state court's rejection of the claim involved

an unreasonable application of the law to the facts.  28 U.S.C. § 2254(d)(1).

Petitioner complains of trial counsel's failure to conduct a proper investigation and interview

potential witnesses.  Counsel has a duty to make reasonable investigations or to make a reasonable

decision that makes particular investigations unnecessary.  *Strickland*, 466 U.S. at 691.

At the state habeas evidentiary hearing, petitioner's trial counsel testified he had interviewed

his client and Enedina Morrison and considered the case to be a simple, one-witness case.  (1 State

Habeas Rep. R. at 79, 81-83, 87).  Petitioner has not identified additional persons who had material

information but were not interviewed by trial counsel, nor has he identified any additional evidence

that further investigation may have disclosed that could have altered the outcome of trial.

Petitioner also complains of trial counsel's failure to file any pre-trial motions.  Attorney

Kent Birdsong was initially appointed to represent petitioner and filed several pretrial motions, including motions requesting a list of the State's witnesses, for the production and inspection of evidence (including exculpatory evidence), and for notice of any extraneous offenses and sentencing evidence the State might present at trial. (Clerk's R. at 7, 11, 15). Mr. Birdsong withdrew from the case one month before trial, and Mr. Walt Weaver was appointed to represent petitioner. Mr. Weaver relied on the pretrial motions filed by his predecessor. Mr. Weaver was not required to again file motions previously filed by Mr. Birdsong. Petitioner has not demonstrated to this Court any deficiency in Mr. Weaver's reliance on the previously filed motions.[5]

Petitioner further complains of trial counsel's failure to retain an expert to evaluate all of the medical evidence presented during trial. Although petitioner asserts some of his ex-wife's injuries were present before the events that gave rise to the aggravated assault charge, he provides no evidence to support his conclusory assertion. More importantly, he does not contend (nor does the record support) that the knife wound which supports his conviction for aggravated assault was one of those alleged pre-existing injuries. In addition, it is unlikely it would have been favorable to the defense for an expert to testify that Enedina Morrison had pre-existing injuries. Such testimony could have not only implied, but could have emphasized she was the victim of previous abuse by petitioner. Trial counsel further explained he did not consider the case to be one that rested primarily on physical evidence, and such explanation does not appear to be unreasonable in light of the record. (1 State Habeas Rep .R. at 89).

Petitioner contends trial counsel was ineffective in failing to object when the indictments for

---

[5]Petitioner complains trial counsel should have filed a pretrial motion to quash the indictment for aggravated sexual assault, but does not provide any facts to suggest this was a meritorious motion. Mr. Weaver unsuccessfully moved for an instructed verdict with regard to the charge of aggravated sexual assault, (2 Rep. R. at 136; 4 Rep. R. at 7-9), but petitioner was ultimately acquitted of that offense.

aggravated assault and aggravated sexual assault were consolidated for purposes of trial. Trial counsel, however, testified he wanted to have the charges tried together as a strategic matter. (1 State Habeas Rep. R. at 76). Counsel's tactical decisions are generally afforded considerable deference, and second-guessing should be avoided. *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997). Defense counsel used the fact that Enedina Morrison had not claimed she was raped to her neighbor or any responding emergency personnel to support the argument that her testimony, as a whole, was the product of outside influence and after-the-fact embellishment. Counsel also focused his closing argument on securing a jury verdict for the lesser included offense of assault. (4 S.F. at 91, 93-94, 99-100). The weakness of the aggravated sexual assault case and defense counsel's partial success in obtaining a not guilty verdict with respect to the aggravated sexual assault charge supports counsel's decision that trying the two cases together was reasonable.

Petitioner also alleges trial counsel was ineffective in failing to object to the admission of Enedina Morrison's written statement as hearsay. (Mem. in Supp. of Pet. at 11). As discussed *supra*, the statement was considered admissible as an exception to the hearsay rule. The failure to make a meritless objection does not constitute ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Lastly, petitioner asserts defense counsel should have objected when the prosecutor asked one of the defense witnesses, during the punishment stage, if he was aware petitioner had previous convictions for driving while intoxicated. (4 Rep. R. at 130). Petitioner asserts the disclosure of his previous DWI convictions was improper because the State, in its pre-trial notice of intent to offer petitioner's prior criminal history, had listed one of the convictions by an erroneous judgment date. Petitioner does not allege he did not, in fact, have two (2) previous convictions for driving while

intoxicated.   Moreover, there is no reasonable probability that the outcome of the punishment proceeding might have been different if counsel had objected to the error in the date.   Petitioner had pleaded true to two enhancement paragraphs alleging prior felony convictions for burglary and aggravated assault, which raised his punishment range to a minimum of twenty-five years and a maximum sentence of life in prison.

Petitioner has not demonstrated the state court's rejection of his claim of ineffective assistance of trial counsel is either contrary to or an unreasonable application of federal law.

## G.   Ineffective Assistance of Appellate Counsel

Petitioner contends he was denied effective assistance of appellant counsel because counsel raised only two (2) grounds for relief on appeal and did not advise petitioner about the procedures, especially timing, for petitioning the Texas Court of Criminal Appeals for discretionary review.

Persons convicted of a crime are entitled to the constitutionally effective assistance of counsel in their first appeal as a matter of right.   *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821 (1985).   Appellate counsel's performance on appeal is judged under the same test that governs a review of trial counsel's performance.   *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct 746, 764, 145 L.Ed.2d 756 (2000).   *See generally Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984).

On appeal, effective assistance of counsel does not mean counsel who will raise every non-frivolous ground of appeal available or requested by the defendant.   *See Evitts,* 105 S.Ct. at 835; *West v. Johnson,* 92 F.3d 1385, 1396 (5th Cir.1996).   Rather, it means – as it does at trial – counsel performing in a reasonably effective manner.   *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).        Petitioner argues appellate counsel should have complained, on appeal, about the

ineffective assistance of trial counsel, but did not do so because of her friendship with the attorney who represented petitioner at trial.  As recited above, and as found by the state habeas court, petitioner's allegations of ineffective trial counsel are without merit.  Accordingly, petitioner cannot demonstrate prejudice from appellate counsel's failure to present the issue earlier.[6]  Petitioner does not identify any additional points, meritorious or not, that counsel should have raised on direct appeal.

Even assuming appellate counsel failed to advise petitioner about the procedures for filing a petition for discretionary review, petitioner cannot demonstrate he was prejudiced by such failure. Petitioner did, in fact, timely file petition for discretionary review which was subsequently refused by the Texas Court of Criminal Appeals.

Petitioner has not demonstrated the state court acted unreasonably in rejecting his claims of ineffective assistance of appellate counsel.

## H.  New Evidence

Petitioner contends his ex-wife's recanting affidavit constitutes new evidence that warrants a new trial.  This contention is merely a restatement of his claims of actual innocence and should be rejected for the same reasons.

## I.  Petitioner's Right to Testify at Trial

Petitioner asserts he wanted to testify during the guilt-innocence phase of the trial but was dissuaded from doing so by his defense attorney.  Petitioner contends his testimony could have

---

[6]Texas case law also indicates it may even be preferable, for purposes of developing an evidentiary record, to raise an ineffective assistance claim on collateral review rather than direct appeal.  *See Robinson v. Texas*, 16 S.W.3d 808, 810-11 (Tex.Crim.App. 2000).

established that his ex-wife was also an aggressor on the night in question.  Petitioner alleges trial counsel informed petitioner that if he testified during this stage of the trial, his previous criminal convictions could be introduced to impeach him and could damage his case.  Petitioner asserts this advice was erroneous because his previous convictions were more than a decade old and inadmissible.  Although respondent, in answering this allegation, states that petitioner could have been impeached with his two prior felony convictions and because petitioner had previously beaten his wife, respondent did not address petitioner's argument that his prior felony convictions could not have been used to impeach him since they were more than ten years old.

Counsel's advice to petitioner regarding whether he should or should not testify was not based solely upon the possibility that petitioner could be impeached with his prior felony convictions.  At the state habeas hearing, petitioner's counsel testified that petitioner's testimony was not needed for presentation of the defense case.  This issue was addressed to some degree during the state habeas evidentiary hearing.  At that hearing, petitioner Morrison testified he and his lawyer discussed whether he should testify and that he (Morrison) was told his prior convictions could be brought up if he testified.  (State Habeas Rep. R. at 19).  Trial counsel, Mr. Walt Weaver, testified he explained the law to petitioner and told petitioner that if the "door was opened," it was not going to be good and that it was better not to testify.  This advice is not erroneous.  If the door was opened, the prior convictions, even if over ten years old, could come in.  According to trial counsel, such an event would have been fatal to their case.  (State Habeas Rep. R. at 77).

Further, petitioner has not alleged his attorney told him he could not testify, only that he should not testify.  Petitioner was aware that he could have testified.  To the extent petitioner is again complaining about the effectiveness of his trial counsel, petitioner  has not shown counsel's

performance was deficient in admonishing petitioner not to testify, nor has petitioner shown he was prejudiced by such advice.  Petitioner had a previous aggravated assault conviction and had a record of abusing his ex-wife.  As set forth above, trial counsel correctly advised him that if that "door was opened, it wasn't going to be good."  (State Habeas Rep. R. at 77).  Petitioner has failed to demonstrate this was constitutionally deficient advice.

Further, much of the evidence petitioner wanted to introduce about his ex-wife's aggressiveness was already before the jury through his ex-wife's admissions that she was sometimes the aggressor in their confrontations, and had pushed and hit petitioner during the episode in question.  Further, defense counsel also reasoned there was no evidence of significant injury to petitioner and did not think the jury would find petitioner's use of a knife to be a reasonable response to his ex-wife's conduct.  (State Habeas Rep. R. 100-02).  Petitioner has not demonstrated counsel's advice that he not testify was constitutionally deficient.  Further, petitioner had213 an opportunity to fully develop this claim during the state habeas proceedings.  Petitioner has not shown trial counsel's version of the events to be incorrect.  Lastly, petitioner has not shown the state court's decision that trial counsel rendered constitutionally effective assistance was contrary to, or involved an unreasonable application of, federal law as set forth in *Strickland*.

## J.  Exculpatory Evidence

Petitioner contends he was attacked by his ex-wife and that there was physical evidence which could have been tested to corroborate his story, including a glass candle that was used to strike him on the head, a fingernail file he had wrestled away from his ex-wife, blood on his pants, a pile of hair pulled from his head, and medical records documenting the injuries he sustained during the assault, including a bruised rib.

If the prosecution suppresses evidence favorable to an accused and material to either guilt or punishment, irrespective of the good faith of the prosecution, such suppression violates due process. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). To state a *Brady* claim, the defendant must demonstrate (1) the prosecution suppressed evidence, (2) the evidence was favorable, (3) the evidence was material to guilt or punishment, and (4) the defendant's late discovery of the allegedly favorable evidence was not the result of a lack of due diligence. *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997).

Petitioner does not claim the prosecutor actually withheld any specified items from defense counsel. Instead, he asserts the prosecution did not test the items to support his defense or failed to find other items petitioner claims existed. The failure to test certain items or to find other items about which petitioner had knowledge does not state a *Brady* claim of suppression of exculpatory evidence by the State.

Alternatively, if petitioner is arguing defense counsel was ineffective in not bringing this evidence to the jury's attention, he cannot demonstrate prejudice. Petitioner's ex-wife admitted being aggressive, on occasion, during the marriage, (2 Rep. R. at 168; 3 Rep. R. at 19-20), admitted to pushing petitioner during the fight which formed the basis for the criminal charge against petitioner, (2 Rep. R. at 182), to striking petitioner in the head with a candle, and pulling petitioner's hair. (2 Rep. R. at 208-09; 3 Rep. R at47-48). The arresting officer testified petitioner had scratches on his knuckles that were consistent with striking something with a closed fist, but that the scratches were not serious enough to warrant medical attention. (3 Rep. R. 159-60, 162). Petitioner did not complain of any other injuries or of needing medical attention when he was arrested. (3 Rep. R. 162). Moreover, none of the evidence about which petitioner complains is contradictory to his ex-

wife's testimony that he cut her hand with a kitchen knife while they were fighting. Petitioner cannot demonstrate counsel's failure to offer these physical items into evidence at trial was either deficient performance or prejudicial. Habeas relief should not be granted for this complaint.

### K.  Improper Juror

Petitioner next argues the foreman of his jury, Steven Hayward, was a domestic abuse counselor and, thus, presumptively biased. Petitioner, however, provides no evidence to substantiate his claim. Defense counsel specifically asked the venire panel if anyone had personal training on domestic violence intervention or prevention issues. (2 Rep. R. at 103). Hayward did not respond affirmatively to that question. Petitioner has presented no evidence establishing Hayward's occupation, and there is no other indication that Hayward was unable to serve as a fair and impartial juror. Petitioner's complaint should be denied.

## VII.
## RECOMMENDATION

It is the recommendation of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner HERMAN L. MORRISON, JR. be DENIED.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of November 2006.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).